**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | |
|---|---|
| JENSEN STRIEGEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO: 4:23-cv-00137-TWP-KMB |
| | ) |
| IRAM C. WHITE and MILLER | ) |
| TRANSPORTATION, INC. | ) |
| | ) |
| Defendants. | ) |

## ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Defendants, Iram C. White and Miller Transportation, Inc., by and through its counsel, Edward W. Hearn and Catherine Breitweiser-Hurst of Johnson & Bell, P.C., answer Plaintiff's Complaint as follows:

## STATEMENT AND JURISDICTION

1. This case involves Defendants' negligence by which Plaintiff has suffered injury, incurred medical expenses, lost wages and other special damages and expenses in an amount to be proven at trial of this cause.

**ANSWER:** **Denied.**

2. The jurisdiction and venue are appropriate in Floyd County, Indiana, as Plaintiff is a resident of Floyd County.

**ANSWER:** **Defendants are without sufficient information to admit or deny the allegations in Paragraph 2. However, Defendants acknowledge and agree to the application of Indiana law for this lawsuit.**

3. On or about May 18th, 2022, the Plaintiff, Jensen Striegel, was a rider in a Miller Transportation Inc. passenger bus traveling southbound on AL-13, in Fayette, Alabama.

**ANSWER:** **Defendants are without sufficient information to admit or deny the allegations in Paragraph 3.**

4. On or about May 18th, 2022, the Defendant, Iram C. White, was the operator of the same Miller Transportation bus (a "charter bus") traveling southbound on AL-13 in Fayette, Alabama.

**ANSWER:** Defendants admit that Iram White was driving a Miller Transportation, Inc. bus in Alabama. Defendants are without sufficient information to admit or deny the remainder of Paragraph 4.

5. On or about May 18th, 2022, the Defendant, Iram C. White, negligently operated the bus causing it to collide with another vehicle.

**ANSWER:** Denied.

6. Miller Transportation, Inc. is the registered owner of the bus involved in the subject matter of this cause and being driven by Defendant Iram C. White. Said vehicle is identified by VIN 2PCH3349111014008 and license plate RM656742.

**ANSWER:** Defendants admit that Miller Transportation, Inc. owned the bus with VIN# 2PCH3349411014008 which was driven by Iram C. White during the incident which is the subject of this lawsuit. Defendants deny the remainder of Paragraph 6.

## FIRST CAUSE OF ACTION

*NEGLIGENCE AND LIABILITY OF IRAM C. WHITE*

7. Plaintiff realleges and incorporates herein by reference paragraphs 1 and 6 above as if fully restated verbatim.

**ANSWER:** Defendants hereby incorporate their answers to Paragraphs 1-6 as though fully pled herein.

8. As a direct and proximate result of the negligence of the Defendant, Iram C. White, in operating a motor vehicle, the Plaintiff sustained bodily injuries, she has incurred and will continue to incur medical expenses and lost wages, she has and will continue to endure pain and suffering, the loss of her ability to enjoy life, permanent physical impairment, inconvenience, and mental anguish, all of which are damages and the amount of which is not yet fully ascertainable.

**ANSWER:** Denied.

## SECOND CAUSE OF ACTION

*RESPONDEAT SUPERIOR OF MILLER TRANSPORTATION*

9. Plaintiff realleges and incorporates herein by reference paragraphs 1 and 6 above as if fully restated verbatim.

**ANSWER:** Defendants hereby incorporate their answers to Paragraphs 1-8 as though fully pled herein.

10. Plaintiff alleges that on or about May 18th, 2022, Defendant Iram C. White was the employee, agent, or servant for Miller Transportation .and was acting under Miller Transportations' authority. Accordingly, Miller Transportation is vicariously liable for the acts of the employee, Iram C. White, and thus for the damages sustained by the Plaintiff.

**ANSWER: Defendants admit that Iram White was an employee of Miller Transportation, Inc. operating the involved bus in the course and scope of his employment and that Miller Transportation, Inc. can be vicariously liable for acts of its employees to include Iram White which may be determined to be negligent.**

11. As a direct and proximate result of negligence and vicarious liability of the Defendant Miller Transportation, the Plaintiff sustained bodily injuries, she has incurred and will continue to incur medical expenses and lost wages, she has and will continue to endure pain and suffering, the loss of her ability to enjoy life, permanent physical impairment, inconvenience, and mental anguish, all of which are damages and the amount of which is not yet fully ascertainable.

**ANSWER: Denied.**

### THIRD CAUSE OF ACTION

*NEGLIGENCE OF MILLER TRANSPORATION*

12. Plaintiff realleges and incorporates herein by reference paragraphs 1 and 6 above as if fully restated verbatim.

**ANSWER: Defendants hereby incorporate their answers to Paragraphs 1-11 as though fully pled herein.**

13. Defendant Miller Transportation failed at its duty to act reasonably in hiring, supervising and training employees to ensure that they were properly trained, equipped, and legally licensed to operate its motor vehicle (i.e. charter bus) on the public roadways.

**ANSWER: Denied.**

14. Defendant Miller Transportation failed to properly maintain in a reasonably safe and prudent manner the motor vehicle involved in the collision which is the subject matter of this cause.

**ANSWER: Denied.**

15. As a direct and proximate result of the negligence of the Defendant, Miller Transportation, the Plaintiff sustained bodily injuries, she has incurred and will continue to incur medical expenses and lost wages, she has and will continue to endure pain and suffering, the loss

of her ability to enjoy life, permanent physical impairment, inconvenience, and mental anguish, all of which are damages and the amount of which is not yet fully ascertainable.

**ANSWER:    Denied.**

.

## AFFIRMATIVE DEFENSES

NOW COMES Defendants, Iram C. White and Miller Transportation, Inc, by and through their attorneys, Edward W. Hearn and Catherine Breitweiser-Hurst of Johnson & Bell, P.C., and for their Affirmative Defenses, state as follows:

## LEGAL PARAGRAPH I

Defendants, by counsel Johnson & Bell, P.C., for their Defenses to Plaintiff's Complaint, state as follows:

1.    Any allegations in Plaintiff's Complaint that have not been specifically admitted or denied are now specifically denied.

WHEREFORE, Defendants respectfully request Plaintiff take nothing by the Complaint, for Judgment in favor of Defendants and against Plaintiff, and for all other just and proper relief in the premises.

## LEGAL PARAGRAPH II

Defendants, by counsel Johnson & Bell, P.C., for their Defenses to Plaintiff's Complaint, state as follows:

1.    Defendants are entitled to a credit for payments received by Plaintiff as compensation for his alleged injuries and/or damages related to the collision.

2.    To the extent that Plaintiff has received any "advance payments" and/or "collateral source payments," Plaintiff is not entitled to recover any of these items of damage from Defendants by virtue of the provisions of *Indiana Code* § 34-44-2-1 et seq. and § 34-44-1-1 et seq. Defendants are entitled to the benefit of the payment of all collateral sources of any sums of money to the Plaintiff arising out of the incident described in Plaintiff's Amended Complaint, which have mitigated his damages.

3.    Defendants' liability insurance carrier, or persons or corporations in privity with Defendants, are entitled to a credit or set off made to or on behalf of Plaintiff for any and all compensation received by Plaintiff from any collateral source as a result of the incident alleged in the Amended Complaint as permitted under Indiana and relevant law.

      4.      Plaintiff's alleged compensatory damages should be reduced by the amount of any collateral source payments, and Defendants are entitled to the benefit of any collateral source payments for any sums of money to Plaintiff arising out of the incident described in Plaintiff's Amended Complaint that may have mitigated his damages.

      5.      If Defendants are not allowed a credit for compensation received by Plaintiff from nonparties or other defendants, then Plaintiff will receive, or might receive, a double recovery or duplicate payments for the same elements of loss or payments.

      6.      Defendants reserve the right to introduce evidence of proof of collateral source payments made to or on behalf of Plaintiff.

      WHEREFORE, Defendants respectfully request Plaintiff take nothing by the Complaint; for Judgment in favor of Defendants and against Plaintiff; for allowance of a *pro tanto* credit for the amount of any payment made by a nonparty or any other party defendant to the Plaintiff; for an Order for a deduction from gross compensatory damages in the amount of any payment made to or on behalf of Plaintiff, from any source, in connection with Plaintiff's alleged injuries, damages, and losses; and for all other just and proper relief.

## **LEGAL PARAGRAPH III**

      Defendants, by counsel Johnson & Bell, P.C., and for their Defenses to Plaintiff's Complaint, state the following:

      1.      Defendants deny that Plaintiff was injured as a direct and proximate result of any act or omission of the Defendants. Defendants further deny the proximate cause of the incident, alleged injuries and damages claimed by Plaintiff, as well as the nature and extent of any alleged injuries or damages claimed by Plaintiff, as set forth in Plaintiff's Complaint.

      2.      Plaintiff failed to take reasonable steps to mitigate any injuries or damages, some or all of which may be the result of preexisting conditions, and to the extent discovery proves such, Plaintiff's damages should be barred or reduced.

      3.      Plaintiff incurred risk, assumed risk, failed to avoid injury, and committed other conduct constituting fault under the Indiana Comparative Fault Act.

      4.      Plaintiff is chargeable with comparative fault that diminishes proportionately the amount, if any, that may be awarded as compensatory damages upon his claims for relief.

      5.      Defendants assert each and every defense provided under the Indiana Comparative Fault Act, including but not limited to, the comparative negligence of Plaintiff.

      WHEREFORE, Defendants respectfully request Plaintiff take nothing by the Complaint and for Judgment in favor of Defendants and against Plaintiff; or in the event the trier of fact determines Plaintiff is entitled to any compensatory damages, Defendants respectfully request that the award to Plaintiff be reduced and diminished in proportion to the percentage that

Plaintiff's contributory fault or failure to mitigate bears to the total fault involved in the incident, and that a verdict is rendered accordingly; and for all other just and proper relief.

## LEGAL PARAGRAPH IV

Defendants, by counsel, Edward W. Hearn and Catherine Breitweiser-Hurst of Johnson & Bell, P.C., as and for an Affirmative Defense of Answer to Plaintiff's Complaint, states as follows:

1. That the Plaintiff's claimed injuries and damages, if any, were proximately caused in full or in part by "non-party" Donald Ray Kelley, operator of involved log truck.

WHEREFORE Defendants, by and through its counsel, Edward W. Hearn and Catherine Breitweiser-Hurst of Johnson & Bell, P.C., request that the Plaintiff take nothing by way of her Complaint, for costs of this action, and for all other just and proper relief in the premises.

Respectfully submitted,

**JOHNSON & BELL, P.C.**

*/s/ Edward W. Hearn*
Edward W. Hearn (#18691-64)
Catherine A. Breitweiser-Hurst, #26779-45
11041 Broadway
Crown Point, Indiana 46307
(219) 791-1900
hearne@jbltd.com
breitweiserhurstc@jbltd.com

## REQUEST FOR JURY TRIAL

The Defendants, Iram C. White and Miller Transportation, Inc. by counsel Edward W. Hearn and Catherine Breitweiser-Hurst of JOHNSON & BELL P.C., respectfully request that the above matter be tried by jury.

Respectfully submitted,

**JOHNSON & BELL, P.C.**

*/s/ Edward W. Hearn*
Edward W. Hearn (#18691-64)
Catherine A. Breitweiser-Hurst, #26779-45
11041 Broadway
Crown Point, Indiana 46307
(219) 791-1900
hearne@jbltd.com
breitweiserhurstc@jbltd.com

## **CERTIFICATE OF SERVICE**

I certify that on September 25, 2023, the foregoing document was filed using this Court's CM/ECF system and this document was served on all counsel of record via electronic mail:

>   */s/ Edward W. Hearn*
>   Edward W. Hearn, #18691-64